**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JENNIFER BRITTON,**

    **Plaintiff,**

                           **CASE NO.:**

**v.**

**OVATIONS FOOD SERVICES, L.P.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER BRITTON, by and through undersigned counsel, brings this action against Defendant, OVATIONS FOOD SERVICES, L.P., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Pinellas County, which is in this District.

## PARTIES

4.      At all times material hereto, Plaintiff was a resident of St. Petersburg, Florida, in Pinellas County, Florida. Plaintiff performed her work for Defendant largely from her remote workplace in St. Petersburg, Florida, in Pinellas County, Florida. Although Plaintiff performed work for Defendant while traveling in other states, including Illinois, Kansas, Virginia, South Carolina, Georgia, New York, and Alabama, her primary remote work location was Pinellas County, Florida.

5.      Defendant is based in Philadelphia, Pennsylvania, but employed Plaintiff as a remote worker primarily from Pinellas County, Florida, where Plaintiff resides.

## GENERAL ALLEGATIONS

6.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

7.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

8.      Plaintiff has satisfied all conditions precedent, or they have been waived.

9.      Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

11.    Plaintiff began employment with Defendant on or around December 4, 2022 as a Support Manager.

12.    Plaintiff was a qualified individual with a disability or who was perceived as being disabled.

13.    Specifically, on or around February 14, 2025, Plaintiff sought medical treatment at the hospital, due to difficulty walking.

14.    During this visit, Plaintiff was diagnosed with hip degeneration.

15.    Roughly one week later, Plaintiff learned, from an MRI, that she also suffers from arthritis in her spine.

16.    Plaintiff's hip degeneration substantially limits one or more major life activities, including walking, standing for long periods of time, bending, lifting, climbing, and sitting for prolonged periods of time.

17.    Plaintiff's arthritis in her spine substantially limits one or more major life activities, including standing for long periods of time, walking, sitting for prolonged periods, bending, lifting, reaching, twisting, and sleeping.

18.    Plaintiff's medical provider instructed her to attend physical therapy and receive injections for her disabilities.

19.    Plaintiff resides in Florida, but had been traveling to New York for work.

20.    Plaintiff informed her supervisor, Ken (Defendant's Vice President), of her disability and requested the reasonable accommodation of being permitted

to work remotely for a period of time, until she was able to travel again for work, after she underwent physical therapy and a series of injections.

21.    Plaintiff was still able to perform the essential functions of her job, with or without reasonable accommodations.

22.    Defendant, initially, approved this request for reasonable accommodations.

23.    On or around March 12, 2025, Plaintiff also informed her direct supervisor, Derek, of her disabilities, and informed him that she was going to need physical therapy.

24.    Very soon thereafter, on or around March 31, 2025, Defendant terminated Plaintiff's employment.

25.    Defendant terminated Plaintiff's employment based on her disabilities and in retaliation for Plaintiff having requested reasonable accommodations.

**COUNT I – ADA VIOLATION**
**(DISABILITY DISCRIMINATION)**

26.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 21, and 23 through 25 of this Complaint, as though fully set forth herein.

27.    Plaintiff is a member of a protected class under the ADA.

28.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, including termination of Plaintiff's employment.

29.    Defendant's actions were willful and done with malice.

4

30.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter an injunction restraining continued violation of the ADA;

d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

j)    All costs and attorney's fees incurred in prosecuting these claims; and

k)    For such further relief as this Court deems just and equitable.

## COUNT II – ADA RETALIATION

31.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

32.    Plaintiff is a member of a protected class under the ADA.

33.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

34.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

35.    Defendant's actions were willful and done with malice.

36.    The adverse employment action that Defendant took against Plaintiff was material.

37.    Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)    That this Court enter an injunction restraining continued violation of the ADA;

e)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21, and 23 through 25 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under the FCRA, due to her disability.

40. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability, including termination of Plaintiff's employment.

41.    Defendant's actions were willful and done with malice.

42.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)    Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

43.    Plaintiff realleges and readopts the allegations paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

8

44. Plaintiff is a member of a protected class under the FCRA, due to her disability.

45. Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

46. Defendant retaliated against Plaintiff by terminating her employment.

47. Defendant's actions were willful and done with malice.

48. Defendant took material adverse action against Plaintiff.

49. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of June, 2026.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**

10